GULF & SHIP ISLAND R. Co. *v.* TOWN OF COLLINS.

(Division B. April 14, 1930.)

[127 So. 770. No. 28644.]

T. J. Wills, of Hattiesburg, E. L. Dent, of Collins, and Chas. N. Burch, of Memphis, Tennessee, for appellant.

**W. U. Corley** and **H. M. McIntosh,** both of Collins, for appellee.

**Griffith, J.**, delivered the opinion of the court.

On March 8, 1899, the railroad company obtained from the owners of the land here involved a right of way deed to a strip one hundred feet wide, upon which strip the line of the railroad was soon thereafter built. On September 15, 1899, the owners of the land through which said railroad right of 'way extended made their deed to said land to W. R. Holloway as trustee, and said trustee on October 19, 1899, filed his town plat of the lands thus conveyed to him, so far as said lands were located to the west and south of said railroad right of way. On February 20, 1900, said trustee, together with other individual owners, filed an enlarged town plat, on which twelve lots appear to be laid off on the east side of said railroad, but on neither of said town plats do any of the streets appear to cross the railroad, besides which the railroad does not appear in any way to have joined in any street dedications.

On these plats an avenue twenty or twenty-five feet wide is shown as running parallel with and adjoining the railroad right of way on the west side, throughout the entire length of the said plat. It appears from the testimony that the depot was first built on the east side of the track, but in 1906 it was decided, apparently by all in interest, that the said depot should be removed to the west side. Accordingly, on May 19, 1906, the railroad company obtained from Holloway, trustee, a deed to the twenty-five foot avenue above mentioned from Main street southward for a distance of seven hundred thirty feet; and on June 5, 1906, the town council passed an order closing the said avenue as a city thoroughfare, and on the same date another order allowing the removal of said depot and the use of the closed avenue aforementioned for depot purposes. The railroad availed of the privilege, and thereupon moved the depot; and the strip

mentioned, as well as the adjoining right of way not covered by tracks, has ever since been used by the railroad for its depot and depot grounds.

On February 5, 1929, the mayor and board of aldermen passed an order reciting that a "public street and highway forty feet in width be and the same is hereby established, created, and ordered over and across the right of way and railroad of the Gulf & Ship Island Railroad Company so as to connect and make complete First Street South and East First street;" and it was further ordered that clerk furnish the railroad with a certified copy of said ordinance. Thereafter a petition for a writ of mandamus was filed, averrring that the railroad had not complied with the notice, and praying that the said railroad company be compelled to open, grade, and properly maintain said crossing. The railroad company answered the petition, and showed that it is the owner of said one hundred foot right of way by original deed from the owners of the soil as heretofore mentioned, that it has never parted with same by deed, grant, dedication, or by prescription, and that the town has taken no steps whatever to obtain the right sought either by grant or by condemnation.

It is not disputed that the said crossing or additional street mentioned in the aforesaid order, extends upon the premises hereinbefore described. It is not contended that there has been any grant of any street rights by the railroad or that it has joined in any dedications in respect thereto. There was some effort to show that there was at one time some sort of a street crossing at the point, but the testimony in this respect is insubstantial; besides which there is the insurmountable obstacle to any claim by prescription in the fact that, in 1906, before the ten years' prescriptive period could have run, the city closed the said crossing by the aforementioned order of June 5th of that year, and the railroad took and held possession thence forward of the entire premises. And it is immaterial that this order may have been invalid, for, whether valid or invalid, it did operate to do away, in

point of fact, with any crossing that had been there, and to stop the running of the prescriptive period against the railroad company on account of any such crossing, if any there had been.

It is therefore clear that the case is controlled by Illinois Cent. R. Co. v. State, 94 Miss. 759, 48 So. 561. The requisite right and title in land cannot be transferred to a municipal corporation by the mere order or fiat of the municipal authorities that the land in question shall be and become a street; and such an order or fiat of the town is substantially all that it has to stand upon in this case, according to the record before us. Until the town acquires right and title in one of the manners established by law, it cannot maintain proceedings of a mandatory nature, as has here been attempted.

Reversed and dismissed.